IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DELORES BERRY, o/b/o
Nolan K. Berry, deceased,

       Plaintiff,

V.                                       CIVIL ACTION NO. 3:05-1170

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

**MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. §405(g),[1] plaintiff seeks review of the final decision of the Commissioner of Social Security denying Nolan Berry's (hereinafter "claimant") application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Claimant protectively filed his application on November 5, 1999, alleging disability commencing February 27, 1999,[2] as a consequence of back and leg pain. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found claimant not disabled in

---

[1] The original plaintiff, Nolan Berry, died on December 30, 2005, shortly after he filed the current civil action. According to the Commissioner, his application for supplemental security income benefits would have ceased at the time of his death, pursuant to the provisions of 42 U.S.C. §416.542(b).

[2] Claimant's insured status expired March 31, 2004, and it was incumbent upon him to establish disability on or before that date. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971).

a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, claimant filed a civil action[3] seeking review of the Commissioner's decision. Perceiving deficiencies, the Court remanded the case to the Commissioner for further proceedings. Following the submission of additional evidence and a supplemental hearing, an administrative law judge again found claimant not disabled. That decision became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, he filed this action seeking review of the Commissioner's decision.

At the time his insured status expired, claimant was fifty-two years old and had obtained a ninth grade education. His past relevant employment experience consisted of work as a heavy equipment and truck mechanic. In his decision, the administrative law judge determined that claimant suffered from "back problems, diabetes mellitus type II, obesity, hypertension, depression/anxiety, and borderline intellectual functioning," impairments he found severe  Though concluding that claimant was unable to perform his past work,[4] the administrative law judge found that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rules 202.18 and 202.11 of the medical-vocational guidelines[5] and the testimony of a vocational expert,  he  found claimant not disabled.

From a review of the record, it is apparent that the Commissioner's decision lacks substantial evidentiary support. The evidence prior to remand reflected that claimant suffered from

---

[3] See, Civil Action No. 3:02-0301.

[4] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work claimant was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[5] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

high blood pressure, type 2 diabetes with peripheral neuropathy in the feet, problems with shortness of breath on exertion, oftentimes associated with chest pain, evidence of mild coronary artery disease, obesity and low back pain attributed to osteoarthritis.

In the initial decision, dated August 3, 2001, the administrative law judge determined that claimant had the residual functional capacity for sedentary level work with a sit/stand option and only "brief" periods of standing and walking. It was also found that he should avoid bending, squatting, pushing, pulling and walking on uneven surfaces. He further found claimant should not be exposed to environmental irritants such as dust, fumes or temperature extremes and should not be required to write as an essential part of a job. Finally, the administrative law judge found he could perform one-two step, simple, routine tasks involving little decision-making.

As noted, claimant requested review of these findings by the Appeals Council, which denied his request and, thereafter, he filed a civil action in this Court. The Court remanded the case to the Commissioner for further development with respect to claimant's mental impairments and for review by the Commissioner of certain opinions from his treating psychiatrists as to his mental functioning. On remand, the administrative law judge reviewed additional evidence as to both mental and physical impairments, held a hearing and solicited opinions from medical experts as to claimant's mental and physical functioning. His findings included that claimant had the exertional capacity for light level work limited by an ability to stand and walk four hours total of an eight hour workday, one hour without interruption. He could only occasionally climb, stoop, crouch and crawl and never climb ladders, ropes or scaffolds. He could not work at unprotected heights or be exposed to temperature extremes, vibration, excessive dust, fumes or gases. There were a number of findings

pertaining to claimant's mental functioning as well. As noted, he requested review of this decision by the Appeals Council, which was declined. Thereafter, he filed another civil action in this Court.

Claimant objects to the administrative law judge making new physical residual functional capacity findings on remand because the court's direction in its order remanding this case was that further development of the record was necessary only in the area of his mental impairments. In its order, the Court noted that the prior administrative law judge's finding of ability to perform sedentary level work, though "generous," was supported by the evidence. Claimant argues it was error for the administrative law judge to reconsider his physical residual functional capacity and to arrive at a finding of ability to perform light instead of sedentary level work.[6]

In his response, the Commissioner notes that, pursuant to this Court's remand order, the Appeals Council vacated the prior administrative law judge decision and remanded the case to another administrative law judge with instructions to allow claimant to appear at another hearing, to develop the record, and to issue a new decision.[7] The Commissioner claims that the prior decision of August 3, 2001, was no longer the final decision of the Commissioner and the findings in that decision were no longer binding on the parties. The Commissioner also cites to 20 C.F.R. §§404.983 and 416.1483 which state that when a case is remanded by a federal court, any issues relating to the case can be considered by the administrative law judge "whether or not they were

---

[6] In the time between the first and second administrative law judge decisions, claimant went from age forty-nine, a "younger individual" according to the medical-vocational guidelines, to age fifty-three, a person "closely approaching advanced age." Had the administrative law judge kept the residual functional capacity for sedentary level work, Rule 201.09 of the medical-vocational guidelines would have directed a finding of disability. Obviously, with the residual functional capacity at the higher level of light work, this was not the case.

[7] The order also says that the Appeals Council "remands the case to an administrative law judge for further proceedings consistent with the order of the court." (Emphasis added).

4

raised in the administrative proceedings leading to the final decision in [the] case." The Court does not find the Commissioner's arguments persuasive.

An examination of this Court's May 6, 2003 order remanding this case to the Commissioner reveals an explicitly stated purpose for the remand, which was for the Commissioner to "secure additional evidence as to claimant's mental condition" as more particularly explained in the order. The remand clearly was not intended to be viewed as an opportunity for the administrative law judge to completely reevaluate claimant's case. In discussing the evidence and the administrative law judge's findings relative to claimant's physical impairments, the Court, as noted, concluded that the finding of ability to perform a limited range of sedentary level work was "generous" but also "[c]learly ... supported by the substantial evidence in the record." There was no indication or suggestion that further action needed to be taken on this issue. In the administrative law judge's order after remand, he states that this Court "said that the prior finding of ability to do sedentary work was "excessive." This is an obvious misstatement of the Court's findings and was used by the administrative law judge as justification for reevaluating claimant's physical residual functional capacity and for finding that he had the ability to perform tasks at a higher exertional level.

In Hooper v. Heckler, 752 F.2d 83, 88 (4th Cir. 1985), the district court, finding that the claimant had made a prima facie case of disability, remanded the claim directing the Secretary to rebut the prima facie case. Instead, the Secretary made new findings, including that a prima facie case of disability had not been made, in direct contradiction to the Court's findings in the remand order. The Fourth Circuit, citing Mefford v. Gardner, 383 F.2d 748, 758 (6th Cir. 1967), found that the district court's holding as to this issue was final and not subject to review by the Secretary. The

Court noted that if the Secretary had been dissatisfied with the district court's finding the proper remedy was to appeal the case and not "under the guise of a hearing, to relitigate a question already decided by the district court."

In Mefford, the Court held that after an issue is determined on appeal, the "court or agency from which the appeal is taken is without power to open or modify the judgment or order of the appellate court" or to fail to comply with a condition specified in the order. 383 F.2d at 758. The Court explained that there is a public interest in bringing an end to litigation and therefore when an appellate court has considered a cause, determined its merits and then remanded it with certain instructions, the lower court which receives the instructions "has no power to do anything but to obey the mandate; otherwise, litigation would never be ended." This "rule of mandate" and the Mefford and Hooper cases were cited with approval by the Supreme Court in Sullivan v. Hudson, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254-55, 104 L.Ed.2d 941 (1989), wherein the Court noted the "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error subject to reversal on further judicial review."[8]

In the present case, this Court's mandate to the Commissioner was clear. The Commissioner was to obtain additional evidence about, and to reevaluate, claimant's mental impairment(s). There was no direction given to the Commissioner relative to his physical impairments or residual functional capacity. This issue was not open for further discussion or modification.

---

[8] See also, Adkins v. Barnhart, 351 F.Supp.2d 505, 507-08 (W.D. Va. 2005).

The Court in <u>Ischay</u> v. <u>Barnhart</u>, 383 F.Supp.2d 1199, 1217 (C.D. Ca. 2005), noted that the Commissioner there, as here, cited the language in 20 C.F.R. §404.983[9] as rendering the rule of mandate doctrine inapplicable. The Court in <u>Ischay</u> noted that a problem with this argument is that the language in 20 C.F.R. §404.977(b), another "equally-binding" regulation, provides that an administrative law judge "shall take any action that is ordered by the Appeals Council and may take any other action that is not inconsistent with the Appeals Council's order." In that case, as here, the Appeals Council had remanded the case "for further proceedings consistent with the order of the court." <u>See</u>, <u>Ischay</u>, 383 F.Supp.2d at 1217.

In the present case, the Court finds it was error for the administrative law judge to undertake further review of claimant's physical residual functional capacity and to modify it, particularly in a manner that was to his detriment. The Court finds, therefore, that, based on a residual functional capacity for sedentary level work as found in the administrative law judge's decision on August 3, 2001, claimant would be found disabled per Rule 201.09 of the medical-vocational guidelines as of February 14, 2002, the date he reached age fifty. Prior to that date, claimant would have had the physical residual functional capacity as found in the first administrative law judge's decision, i.e., restriction to sedentary level work with a sit/stand option but must avoid bending, squatting, stooping, pushing, pulling and walking on uneven surfaces. Further, he could not have been exposed to dust, fumes or temperature extremes or be required to write as an essential part of the job.

---

[9] This regulation, as noted above, provides that "[a]ny issues relating to [the] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceeding leading to the final decision in [the] case."

7

With regard to mental impairments during this time, the administrative law judge in the August 3, 2001 decision found claimant retained the ability to perform 1-2 step, simple, routine tasks involving little decision making. He did not, however, have the benefit of all the information contained in the reports from Prestera relative to claimant's treatment, mainly for depressive symptoms, beginning in July 2000. These notes reflect regular visits with Dr. Rana, a psychiatrist, and with a "case manager." Treatment consisted mainly of medication, not only for depression but to help with sleep. Claimant apparently attempted suicide in December 2001, but reports from early 2002 reflect some improvement in his symptoms, both with medication and with his moving out of his house. Dr. Rana noted on January 16, 2002, that claimant suffered from major depression, severe, without psychotic features, and expressed the opinion that he was unable to maintain employment and that his prognosis was poor. Following remand, the administrative law judge, relying in part on the findings of a consultative psychological examiner on June 29, 2004, and on the opinion of a medical expert, expressed on November 11, 2004, concluded claimant had a "poor" ability (seriously limited but not precluded) only in the area of understanding, remembering and carrying out complex job instructions. He also incorporated into his findings that claimant had a fourth grade reading level and seventh grade math ability, which also had not been known to the prior administrative law judge.

The Court notes that the medical expert's assessment appears to be inconsistent in that he determined that claimant was moderately limited in social functioning and concentration, persistence and pace, but he assessed "fair" (limited but satisfactory) abilities in all areas involving social functioning and concentration, persistence and pace, except in ability to understand, remember and carry out complex instructions. In light of the limited period of time being considered, the prior

8

administrative law judge not having the relevant reports to review and the administrative law judge on remand relying in large part on a consultative exam performed long after the period under consideration and on a medical expert's opinion which appears inconsistent, the Court concludes that remand is again necessary for the Commissioner to consider and make findings as to claimant's mental limitations during the period from April 10, 1999 through February 13, 2002. The Commissioner should note that this remand is limited only to the issue of claimant's mental residual functional capacity and only during the period specified.

On the basis of the foregoing, it is **ORDERED** that, for the period beginning February 14, 2002, defendant's motion for judgment on the pleadings be denied, that the like motion of plaintiff be granted and plaintiff be awarded benefits in accordance with claimant's application and the provisions of the Social Security Act, as amended. With respect to the time period from April 10, 1999, to February 13, 2002, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: April 4, 2008

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE